IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| William Otis James Brown, #21932-057, ) | Case No.: 1:21-cv-01688-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER & OPINION** |
| The United States of America, U.S. Attorney ) | |
| General and M. Potts, Food Service ) | |
| Administrator, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report" or "Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] William Otis James Brown ("Brown" or "Plaintiff"), a federal inmate currently incarcerated in a United States Penitentiary proceeding *pro se*, brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") against the United States and FCI-Estill's food service administrator M. Potts ("Potts") (collectively, "Defendants"). (DE 24, p. 1.) Plaintiff alleges that Potts discriminated against him by refusing to consider him for an available position in the Officer's Dining Hall of the Food Service Department because of his bipolar disorder, Potts prevented him from participating in preparing religious and ceremonial meals as a food service

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

worker, and Potts acted with deliberate indifference to his bipolar disorder diagnosis. (DE 1, pp. 7-8.) As a result, Plaintiff filed this case alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights pursuant to Bivens, as well as claims for negligence and conspiracy pursuant to the FTCA. (DE 24, p. 4.) Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) Fed. R. Civ. P. (DE 20.)

The Report and Recommendation recommends granting Defendants' Motion to Dismiss Plaintiff's Fifth and Fourteenth Amendment claims because as a federal prisoner his Fourteenth Amendment claims are not applicable in this case, and his Fifth Amendment claims differs in a meaningful way from previous Bivens cases; and therefore, presents a new context. (DE 24, p. 10.) Moreover, the Report recommends dismissal of Plaintiff's Eighth Amendment and FTCA claims because he has failed to state a claim for an Eighth Amendment violation, and he has failed to allege that he suffered a physical injury under the FTCA. (DE 24, pp. 14-18.)

Although Plaintiff has filed an (albeit untimely) objection to the Report and Recommendation (DE 28), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of

the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." <u>Nichols v. Colvin</u>, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Notwithstanding the untimely objection which *alone* allows the Court to forego an explanation for the adopting the Report, the Court notes that even if the objection were timely the objection is nonspecific because it does not focus the Court's attention on the factual and legal issues that are at the heart of the party's dispute.  Accordingly, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 20) is granted.

**IT IS SO ORDERED.**

                                                Joseph Dawson, III
                                                United States District Judge

February 3, 2022
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.